AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

__EASTERN__ District of __NEW YORK__

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| THOMAS G. MCNAMARA | Case Number: 03 CR 0191(SJ) |
| | USM Number: 69846-053 |
| | William B. Fleming, Esq., |
| | 410 Park Avenue, NY, NY 10022 |
| | Defendant's Attorney |

FILED IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y.
JUL 29 2005
P.M. TIME A.M.

**THE DEFENDANT:**

☒ pleaded guilty to count(s) __one of the superseding indictment.__

☐ was found guilty on count(s) ____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense | Count |
|---|---|---|---|
| 18 U.S.C. 1962(c) 1963(a) | Racketeering | 11/2002 | 1 |

The defendant is sentenced as provided in pages __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ____

☒ Count(s) __all open counts__ ☐ is ☒ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

__July 22, 2005__
Date of Imposition of Judgment

s/SJ
Signature of Judge

__STERLING JOHNSON, JR., U.S.D.J.__
Name and Title of Judge

__July 22, 2005__
Date

A TRUE COPY ATTEST
DATE:
ROBERT C HEINEMANN
CLERK OF COURT
By: August Marziliano
August Marziliano
Deputy Clerk

DEFENDANT: **THOMAS G. MCNAMARA**
CASE NUMBER: **03 CR 0191(SJ)**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **forty one (41) months**

☒ The court makes the following recommendations to the Bureau of Prisons:

**Substance abuse treatment program. Also, The Court recommends that the Bureau of Prisons consider the following in their determination as to where the defendant shall be designated. The Court believes that there was no violence associated with defendant's Offense and that the defendant is no threat to Public a Safety.**

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☒ before 5 p.m. on  10/04/2005  .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: **THOMAS G. MCNAMARA**
CASE NUMBER: **03 CR 0191(SJ)**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : **three (3) years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|            | Assessment | Fine | Order of Forfeiture |
|------------|------------|------|---------------------|
| **TOTALS** | $ 100.00   | $    | $ 54,000.00         |

☐ The determination of restitution is deferred _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|--------------------------|----------------------------|
|                   |                 |                          |                            |

**TOTALS**   $ _____     $ _____

☐ Restitution amount ordered pursuant to plea _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for    ☐ fine    ☐ restitution.

   ☐ the interest requirement for    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: THOMAS G. MCNAMARA
CASE NUMBER: 03 CR 0191(SJ)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☒ Lump sum payment of __100.00__ due immediately, balance due

    ☐ not later than _____, or
    ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B ☐ Payment to begin immediately (may be combined  ☐ C,  ☐ D, or  ☐ F below); or

C ☐ Payment in _____ (e.g., weekly, monthly, quarterly) installments _____ over a period of _____ (e.g., months or years), to _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in _____ (e.g., weekly, monthly, quarterly) installments _____ over a period of _____ (e.g., months or years), to _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that

F ☒ Special instructions regarding the payment of criminal monetary penalties:

    **Order of Forfeiture to be paid in accordance with the attached order.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court

The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

EB:CSK
F#2003V00556
McNamarapof.wpd

- - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

ORDER OF FORFEITURE

- against -

03-CR-191 (S-6)(SJ)

THOMAS G. MCNAMARA,
    also known as "Tommy Mac,"

Defendant.
- - - - - - - - - - - - - - -X

WHEREAS, in the above-captioned criminal action, the United States of America sought the forfeiture of specific properties, or in the alternative, substitute assets, of the defendant THOMAS G. MCNAMARA, pursuant to 18 U.S.C. §§ 1963, 982; and

WHEREAS, on November 5, 2004, the defendant THOMAS G. MCNAMARA, entered a plea agreement with the United States, and agreed, *inter alia*, to plead guilty to Count 1 of the Superceding Indictment charging him with racketeering activities in violation of 18 U.S.C. § 1962(c); and

WHEREAS, the defendant THOMAS G. MCNAMARA, *inter alia*, has as part of his Plea Agreement with the United States, agreed to the entry of an Order of Forfeiture against the defendant, and to forfeit to the United States all right, title and interest in any and all properties constituting or derived from proceeds traceable to the offenses contained in Count 1 of the Superceding Indictment; and

WHEREAS on November 5, 2004 this Court accepted the defendant's guilty plea; and

WHEREAS, by virtue of the Defendant having pled guilty and waived all his constitutional, legal and equitable defenses and rights to the forfeiture allegation of the Superceding Indictment, the United States is now entitled to possession of the forfeited property, pursuant to 18 U.S.C. §§ 982, 1963 and Fed. R. Crim. P. 32.2.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The sum of Fifty Four Thousand Dollars ($54,000.00) ("Forfeiture Money Judgment") is hereby forfeited to the United States and entered against the defendant, THOMAS G. MCNAMARA.

2. All payments on the Forfeiture Money Judgment to the United States shall be made by bank or certified check made payable to the "United States Marshals Service" and delivered by overnight mail to United States Attorney's Office, Eastern District of New York, One Pierrepont Plaza, 16th Floor, Brooklyn, New York.

3. The United States Marshals Service for the Eastern District of New York shall deposit all payments on the Forfeiture Money Judgment in accordance with applicable laws and regulations.

4. Until the Forfeiture Money Judgment is fully satisfied, defendant, THOMAS G. MCNAMARA, shall not, directly or

indirectly engage in any effort to transfer, sell, assign, pledge, hypothecate, encumber or dispose of in any manner, or cause to be transferred, sold, assigned, hypothecated, encumbered, or disposed of in any manner the property subject to forfeiture. Until the Forfeiture Money Judgment is fully satisfied, the Notice of Pendency filed by the United States against the following real property and premises, in which the defendant THOMAS G. MCNAMARA, his heirs and assigns have an interest, shall remain in full force and effect: 41 Marycrest Road, West Nyack, New York.

5. The United States of America shall have clear title to all the forfeited funds.

6. Pursuant to Fed. R. Crim. P. 32.2(b)(3), at sentencing, an Order of Forfeiture shall be made a part of the Defendant's sentence and included in the final Judgment.

7. The Clerk of Court shall forward three certified copies of this order to Assistant U.S. Attorney Claire S. Kedeshian, U.S. Attorney's Office, Eastern District of New York, One Pierrepont Plaza, 16th Floor, Brooklyn, New York 11201.

Brooklyn, New York
Dated: ~~June~~ __, 2005
July 22, 2005

SO ORDERED:

_____
HONORABLE STERLING R. JOHNSON, JR.
UNITED STATES DISTRICT JUDGE